```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x
```

Nicholas Pimentel,

                Plaintiff,               **MEMORANDUM & ORDER**
                                                                   23-CV-6560(EK)(LB)
                                                                  23-CV-6603(EK)(LB)

           -against-

Port Authority of NY & NJ; Philip
Tysowski; Dewan Maharaj; Johany
Brugnoni; Jason Corbin; Joseph
Pignataro; Ira Rosenstein, Morgan
Lewis & Bockius LLP; Andrew Hoffman,
Hoffman & Associates; Sedgwick Claims
Management Services; David Gilmartin;
Tracey Baldwin, Delta Air Lines;
Candice Smith, Queens County District
Attorney; and Does 1-20,

                Defendants.

```
------------------------------------x
```
ERIC KOMITEE, United States District Judge:

        Plaintiff Nicholas Pimentel filed two *pro se* complaints in this Court.  One was received in the Long Island division on August 28, 2023, ECF No. 1 (23-CV-6603), and the other in the Brooklyn division a day later.  ECF No. 1 (23-CV-6560).  The complaints appear to be largely identical.[1]  Plaintiff's applications to proceed *in forma pauperis* are granted.  For the reasons that follow, however, the complaints are dismissed without prejudice pursuant to 28 U.S.C. § 1915.

---

[1] The only apparent difference is that an addendum appears at a different place in each document.  ECF No. 1 at 7 (23-CV-6560); ECF No. 1 at 6 (23-CV-6603).

Plaintiff may file an amended complaint in the Brooklyn division in 23-CV-6560 within 30 days of the date of this Order.

## I.   Background

Pimentel filed the complaints on a court-issued form for civil rights actions. They both state: "All Defendants engaged in civil conspiracy to violate civil rights (1st-14th amendment) and to maliciously prosecute." ECF No. 1 at 6 (23-CV-6560). Beyond that, the claims — and the bases therefore — remain largely unclear. An addendum alleges:

*First*, that plaintiff was "blackmail[ed]" to induce him into accepting a settlement offer (he does not say in which matter).

*Second*, that he was arrested without probable cause, "kidnapped" and "imprisoned" by the Port Authority in November 2022, apparently for a variety of reasons: because he did not accept the settlement, because of religious discrimination, and for "exercising" his rights "under the ADA" (presumably the Americans with Disabilities Act).

*Third*, that he was "unlawfully seized [and] searched" in a Federal Court building.

And *fourth*, that various defendants "manufactured" charges to prosecute him "maliciously" and for retaliatory purposes. *Id.* at 7.

Plaintiff names multiple individual defendants. From the complaint, they appear to be employees of the Port Authority of New York & New Jersey, Sedgwick Claims Management Services, the Queens County District Attorney's Office, private law firms, and Delta Air Lines. *Id.* at 1-4.

Plaintiff alleges that he suffered physical and psychological injuries that required medical care. *Id.* at 8. He claims that he was unable to work from November 21, 2022 through July, 2023, which caused additional financial losses. *Id.* Plaintiff seeks the return of unspecified property, and monetary damages of $100 million, as well as unspecified declaratory and injunctive relief. *Id.*

## II. Discussion

A district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

*Pro se* complaints are "held to less stringent standards" than pleadings drafted by attorneys, and the Court

will read a pro se complaint liberally and interpret it to raise the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008).[2]  Still, a *pro se* plaintiff is not exempt from "compliance with relevant rules of procedural and substantive law."  *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).  It is not enough for the plaintiff to allege that the defendant caused them harm; the claim must include factual details that, if true, would establish the defendant's liability.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

        Pimentel's complaints do not comply with Section 1915. Liberally construed, plaintiff's invocation of his constitutional rights may suggest one or more claims under 42 U.S.C. § 1983.  Still, the plaintiff's complaint falls well short of alleging various elements of a Section 1983 violation. The nature of the claims is unclear: he alleges that he was "kidnapped" "because of" his religion, but he offers no factual content in support of these allegations.  He invokes his "rights under the ADA," but does not identify any disability or say how he was discriminated or retaliated against.  Thus, the complaints must be dismissed under Section 1915 for failure to state a claim.

---

[2] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

Moreover, the complaints do not adequately allege certain additional, specific elements of a Section 1983 claim.

*State Action.* To bring a 1983 case, a plaintiff must allege that "a person acting under color of state law" — usually a government official — has violated a right guaranteed by the United States Constitution. *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). Section 1983 does not generally apply to claims against private individuals or private organizations. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.").

In addition to public entities like the Port Authority,[3] Pimentel's complaint is also directed at Sedgwick Claims Management Services, Delta Air Lines, and other private organizations. These private entities can be liable under Section 1983 only if they were acting under color of state law. Plaintiff does not allege that they were.

*Monell Liability for Municipalities*. The Port Authority can be liable under Section 1983 only if plaintiff can show that a municipal policy or custom caused the deprivation of his or her constitutional rights. *See Monell v. Dep't of Soc.*

---

[3] New York and New Jersey Consent to suits against the Port Authority. *See* N.Y. Unconsol. Laws § 7101.

*Servs.*, 436 U.S. 658, 690-91 (1978); *Raysor v. Port Auth. of N.Y. & N.J.*, 768 F.2d 34, 38 (2d Cir. 1985) (applying *Monell* to the Port Authority). A single incident of unconstitutional activity is not, generally speaking, enough to impose liability on a municipality unless that incident was caused by an unconstitutional municipal policy. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985). "Official municipal policy" under Section 1983 "includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson,* 563 U.S. 51, 61 (2011).

*Personal Involvement*. "It is well settled" in the Second Circuit that the "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994). A plaintiff must plead "that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020). Here, however, the plaintiff does not allege that (or how) any of the individual defendants personally caused his injuries. Indeed, the complaints contain no specific factual allegations against either the public officials or private individuals.

### III. Conclusion

Plaintiff's requests to proceed *in forma pauperis* are granted pursuant to 28 U.S.C. § 1915.  Docket No. 23-CV-6603 is duplicative of Docket No. 23-CV-6560, and thus 23-CV-6603 is dismissed without prejudice to further proceedings in Docket No. 23-CV-6560.  *See Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) ("As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit.").  The Clerk of the Court is directed to close 23-CV-6603.

Plaintiff is given thirty days' leave from the date of this Order to file an amended complaint in 23-CV-6560.  If plaintiff files an amended complaint, it must be captioned "Amended Complaint" and be labeled with docket number 23-CV-6560.  Plaintiff is reminded that any amended complaint completely replaces prior complaints.  If plaintiff fails to file an amended complaint within thirty days, judgment shall enter dismissing that complaint.

The Clerk of the Court is respectfully directed to send a copy of this Order to Plaintiff at the Los Angeles address he provided.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that no appeal would be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                               /s/ Eric Komitee
                                        ERIC KOMITEE
                                        United States District Judge

Dated:    August 2, 2024
             Brooklyn, New York