```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x
Nicholas Pimentel,

                    Plaintiff,                 MEMORANDUM & ORDER
                                                23-CV-6560(EK)(LB)

       -against-

Port Authority of New York and New
Jersey; Philip Tysowski; Dewan
Maharaj; Johany Brugnoni; Jason
Corbin; Joseph Pignataro; Ira
Rosenstein, Morgan Lewis & Bockius
LLP; Andrew Hoffman, Hoffman &
Associates; Sedgwick Claims
Management Services; David Gilmartin;
Tracey Baldwin, Delta Air Lines;
Candice Smith, Queens County District
Attorney; and Does 1-20,

                    Defendants.
--------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Plaintiff Nicholas Pimentel moves for "Clarification and Reconsideration" of this Court's October 2, 2024 Order directing him to file a Third Amended Complaint. For the reasons that follow, that Motion is denied, and Pimentel's Second Amended Complaint — filed *pro se* and *in forma pauperis* — is dismissed with prejudice for failure to comply with the Court's prior directives.

## I.   Background

Pimentel filed two complaints in this district: one in the Long Island Division on August 28, 2023 (Case No. 23-cv-

6603), and a second in the Brooklyn Division on August 29, 2023 (Case No. 23-cv-6560).  On August 2, 2024, the Court directed that the cases proceed on a single docket number.  *See* Order at 7, ECF No. 6.  The August 2 Order went on to dismiss the surviving complaint pursuant to 28 U.S.C. § 1915 because it failed to state a valid Section 1983 claim.  *See id.* at 4.  Among other issues, the complaint sought recovery for alleged constitutional violations from defendants that were not alleged to have acted under color of state law; it sought recovery from a government entity without alleging an unconstitutional policy, as required by *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978);[1] and it insufficiently alleged the personal involvement of the individual defendants.  *See id.* at 5-6.  The Court accorded Plaintiff thirty days' leave to amend.  *Id.* at 7.

Plaintiff's amended complaint, filed on August 28, 2024 (ECF No. 8), increased significantly in length, going from nine pages to forty-nine, plus 103 pages of exhibits.  It did not cure the deficiencies the Court observed in the initial complaint, and it suffered from an additional one: namely, non-compliance with Federal Rule of Civil Procedure 8, which requires a short and plain statement of a plaintiff's claims.  *See* Order, Sept. 10, 2024.  The Court directed Plaintiff to

---

[1] The Port Authority of New York and New Jersey is subject to the requirements of *Monell*.  *E.g.*, *Raysor v. Port Auth. of N.Y. & N.J.*, 768 F.2d 34, 38 (2d Cir. 1985).

2

address these issues, once again granting the Plaintiff thirty days to amend. *Id*. At the same time, the Court warned Plaintiff that the failure to do so "may result in dismissal." *Id.*

Pimentel filed a Second Amended Complaint on September 25, 2024, ECF No. 10, which cured neither problem. In addition, the Court observed that the complaint — brought against the Port Authority of New York and New Jersey, among others, bore certain similarities to an action Pimentel had previously brought in the District of New Jersey. *See Pimentel v. Port Auth. of N.Y. & N.J.*, No. 23-CV-10749, 2024 WL 3850378, at *2 (D.N.J. Aug. 15, 2024). Among other things, the Second Amended Complaint named the same defendants that Plaintiff had named in the New Jersey complaint. But where the New Jersey complaint had listed New Jersey addresses for each defendant, the new complaint in this District substituted New York addresses for each. *Compare* Second Am. Compl. at 2-6, *with* Am. Compl. at 2-5, *Pimentel v. Port Auth. of N.Y. & N.J.*, No. 23-CV-10749, (D.N.J. May 6, 2024) ECF No. 9. The Court offered Plaintiff one final opportunity to cure the articulated defects, and added that he should clarify where the November 21, 2022 arrest described in the complaints here and in New Jersey actually occurred. *See* Order, Oct. 2, 2024.

In response, Mr. Pimentel filed the instant request for reconsideration. He disputes the Court's directive that he allege where the arrest took place, asserting that "Plaintiff can file wherever Plaintiff feels like filing (exercise of First Amendment rights) . . . ." ECF No. 11 at 2. Plaintiff also moves for my "*sua sponte* recusal" on this basis. *Id.* at 6.[2]

## II. Discussion

Motions for reconsideration are disfavored. "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).[3] For the reasons that follow, reconsideration is denied, and this case is dismissed.

Contrary to Plaintiff's assertion, the location of the November 21, 2022 arrest is indeed relevant. It is true that "[a] district court may not *dismiss* a case *sua sponte* for improper venue absent extraordinary circumstances." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999) (emphasis

---

[2] The request for recusal is denied. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). And plaintiff has pointed to no source of potential bias beyond the rulings he challenges.

[3] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

4

added). But this Court's prior Order did not *dismiss* for improper venue, or even suggest that such a dismissal would be contemplated. *See* Order, Oct. 2, 2024. Instead, the Court called for information about the location of the prior arrest to ascertain whether this case was *duplicative* of the New Jersey action. *See id*. And "the Second Circuit has found [the] extraordinary circumstances [that *Gomez* contemplates] present, and affirmed *sua sponte* dismissals for improper venue, where . . . the allegations duplicated those brought in other districts . . . ." *Macias v. #176 Jud. Dist., Ct.*, No. 23-CV-00800, 2023 WL 4684852, at *3 (D. Conn. July 21, 2023) (citing *Stich v. Rehnquist*, 982 F.2d 88, 88-89 (2d Cir. 1992) (per curiam)).

Plaintiff has now had two opportunities — granted on September 10, 2024 and October 2, 2024 — to cure the Rule 8 (prolixity) problem, and three opportunities to address the omission to state a valid Section 1983 claim. *See* Order, Aug. 2, 2024, ECF No. 6; Order, Sept. 10, 2024; Order, Oct. 2, 2024. The Second Circuit has held that dismissal of a prolix complaint can be with prejudice when "leave to amend has previously been given and the successive pleadings remain prolix and unintelligible." *Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir. 1988). And dismissal for failure to state a claim will be with prejudice when the plaintiff has been afforded multiple opportunities to cure the specific deficiencies identified. *See*

5

*Sprague v. Salisbury Bank & Tr. Co.,* 969 F.3d 95, 101 (2d Cir. 2020) (affirming dismissal with prejudice because of Plaintiff's "[r]epeated failure to cure deficiencies by amendments previously allowed").

### III. Conclusion

Plaintiff's October 10, 2024 Motion for Clarification & Reconsideration is denied.  The Second Amended Complaint is dismissed with prejudice for the reasons stated above.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully requested to close the case and to send a copy of this Order to Plaintiff.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:    January 8, 2025
          Brooklyn, New York

6